No. 52284.—Maryland Wine & Liquor Co. et al. *v.* United States, protests 18587–K/88993, etc. (Chicago).

Opinion by JOHNSON, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers.   The protests were sustained to this extent.

No. 52285.—Harmar Co. *v.* United States, protests 110970–K, etc. (Baltimore).

Opinion by JOHNSON, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importer.   The protests were sustained to this extent.

No. 52286.—Alfred Hart Distilleries, Inc. *v.* United States, protest 116691–K (Los Angeles).

Opinion by JOHNSON, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer.   The protest was sustained to this extent.

No. 52287.—Philip Blum & Co., Inc., et al. *v.* United States, protests 119695–K/456, etc. (Chicago).

Opinion by JOHNSON, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers'